# CIRCUIT COURT OF THE CITY OF RICHMOND

Patricia Pittman,
f/k/a Patricia Felton

v.

Monumental Life Ins. Co.,
f/k/a Peoples Security
Life Ins. Co.

v.

Tony S. Felton

January 24, 2001

Case No. HN-1790-1

BY JUDGE MELVIN R. HUGHES, JR.

This case seeks declaratory relief respecting the entitlement to proceeds of a life insurance policy. The case is before the court on cross-motions for summary judgment filed by plaintiff and by an infant third-party defendant who is designated a contingent beneficiary in the policy.

The facts supporting the motions are not in dispute. In April 1992, defendant Monumental Life Insurance Company issued a policy of life insurance to Tony Felton on his life. The policy which has a face amount of $50,000 named Felton's then wife, Patricia Felton, plaintiff, as primary beneficiary and Tony S. Felton, the third-party infant defendant, as contingent beneficiary. The policy provides: "[t]he rights of any beneficiary who dies before the insured will pass to the surviving beneficiary or beneficiaries unless you provide otherwise." The policy also provides as to revocability: "[y]ou may change the Owner or the Beneficiary, unless an irrevocable one has been named, while the Insured is living." Tony Felton and Patricia Felton were divorced in May of 1997. Tony Felton died in February 2000.

In 1993, the General Assembly of Virginia enacted Va. Code § 20-111.1 which in pertinent part provides:

> Upon the entry of a decree of annulment or divorce from the bond of matrimony on and after July 1, 1993, any revocable beneficiary designation contained in a then existing written contract owned by one party that provides for the payment of any death benefit to the other party is revoked. A death benefit prevented from passing to a former spouse by this section shall be paid as if the former spouse had predeceased the decedent . . . .
>
> This section shall not apply (i) to the extent a decree of annulment or divorce from the bond of matrimony, or a written agreement of the parties provides for a contrary result as to specific death benefits, or (ii) to any trust or any death benefit payment to or under any trust.

Plaintiff made a demand for payment under the policy which Monumental has refused on the basis of § 20-111.1. Plaintiff then brought this action asserting that § 20-111.1 is unconstitutional on the ground that her rights under the policy became vested before the statute's enactment and its application now would impermissibly destroy those rights. The court does not agree with plaintiff's position.

The question, as defendant argues, is whether plaintiff's rights as primary beneficiary were ever vested. Clearly plaintiff never had a vested right. Rather, her rights were never irrevocable but were revocable instead under the terms of the policy and under the terms of § 20-111.1. The policy provides that the beneficiary designations are revocable unless the owner specifically indicates the designation as "irrevocable." There is no indication on the policy that the owner, Tony Felton, ever did this. The parties' divorce in 1997 changed the relationship within the operative terms of the statute such that, when Tony Felton died in 2000, the contingent beneficiary, Tony S. Felton, then became entitled to the policy proceeds.

Plaintiff's reliance on Art. 1, § 11, of the Virginia Constitution is misplaced. That provision provides in its pertinent part "[t]hat the General Assembly shall not pass any law impairing the obligation of contracts. . . ." If plaintiff's right under the policy had been vested or irrevocable, then the application of the statute would implicate the Virginia Constitution. But due to the reasons discussed *supra*, the court can find no such vested right.

On January 22, 2001, plaintiff filed with a letter memorandum the case of *Hering v. Hering*, Va. App. No. 1280-99-4 (Sept. 4, 2000), as support for the

position that § 2-111.1 is unconstitutional. *Hering* deals with a property settlement agreement as part of a divorce proceeding wherein the Virginia Court of Appeals found an amendment to § 20-109 did not affect the parties' marital settlement agreement entered into before the amendment. While the case at bar concerns a contract of insurance, by the very terms of § 20-111.1, no revocation is allowed if the parties have a property settlement agreement which sets out irrevocability. Here no such agreement is in place, and the case is inapposite.

The court asks Mr. Willett to prepare and submit a draft order implementing this decision granting defendant's motion and denying plaintiff's.